*** Filed ***
02:50 PM, 23 Nov, 2026
U.S.D.C., Eastern District of New York

Nickie Kane
95-73 114 Street
South Richmond Hill, NY 11419
Ms.Nickie.Kane@gmail.com

VIA E-MAIL AND ECF
Hon. Ramon Reyes,
U.S.D.J. United States District Judge
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

November 23, 2026

Case No. 1:26-cv-00271-RER-SDE, Nickie Kane v. Kevin Harper

RENEWED EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED JUDICIAL INTERVENTION BASED ON NEWLY REPORTED INCIDENTS OF HARASSMENT, THREATS OF VIOLENCE, ATTEMPTED UNAUTHORIZED ENTRY, DISCRIMINATORY INTIMIDATION, AND CONTINUING INTERFERENCE WITH HOUSING RIGHTS

Dear Judge Reyes:

I am the Plaintiff, proceeding pro se, in the above-captioned action. Pursuant to Federal Rule of Civil Procedure 65, I respectfully renew my request for emergency judicial intervention, a temporary restraining order, and preliminary injunctive relief against Defendant Kevin Harper.

On May 4, 2026, I submitted a request for emergency intervention concerning Defendant's ongoing harassment, threats, intimidation, and discriminatory conduct.

Defendant resides in Apartment 7D of my residential building in Brooklyn, New York.

Since my earlier application, Defendant's conduct has continued. I have also experienced or am now reporting additional incidents that were not previously brought to the Court's attention.

These incidents include attempted unauthorized entry into my apartment, threats and intimidation in the building's hallways, following me outside the building, aggressive conduct involving a frequent female guest, confrontations involving a vehicle, discriminatory slurs, threats of physical violence, and deliberate noise harassment.

On November 17, 2026, Defendant approached a vehicle I was in while I was stopped at a traffic light, grabbed his crotch, and challenged me to exit the vehicle and fight.

On November 22, 2026, Defendant approached me while I was exiting a vehicle, photographed the vehicle, directed a homophobic slur at me, and threatened to punch me in the face.

Defendant subsequently entered the building and began blasting excessively loud music past midnight.

I called 911, and responding NYPD officers took a report and attempted to contact Defendant.

These additional incidents have occurred despite repeated complaints to the NYPD, CAMBA, my landlord, and building management.

I respectfully submit this renewed application because the prior request did not include the additional incidents and factual details described below.

I recognize that the Court must evaluate this renewed application under the applicable legal standards for temporary and preliminary injunctive relief.

I respectfully request that the Court consider the newly reported conduct, the continuing nature of the threats, and the cumulative circumstances when determining whether immediate protective relief is warranted.

I. PREVIOUSLY REPORTED HISTORY OF HARASSMENT AND INTIMIDATION

As described in my original Complaint and previous application for injunctive relief, Defendant has engaged in an extended pattern of targeted harassment, threats, sexual intimidation, and discriminatory conduct interfering with my ability to safely occupy my residence.

The conduct previously reported to the Court includes:

1. Repeated excessive amplified music during late-night and early-morning hours, including disturbances causing the walls and floors of my apartment to vibrate.
2. Sexually explicit and degrading statements directed at me, including threats of sexual violence.
3. Transphobic and homophobic insults concerning my gender identity, gender expression, and perceived sexual orientation.
4. Aggressive lunging and threatening physical behavior.
5. A reported incident involving Defendant carrying a large kitchen knife in a common area of the residential building.
6. Repeated banging on my apartment door during nighttime hours while using discriminatory and threatening language.
7. Continuing intimidation and disturbances interfering with my ability to peacefully occupy my home.

These incidents caused substantial fear, emotional distress, sleep disruption, and interference with my peaceful enjoyment of my residence.

I include this history to provide context for the new incidents described below.

The continuing conduct should be evaluated in light of the previously reported threats and discriminatory behavior rather than as unrelated disagreements between neighboring tenants.

II. NEW AND PREVIOUSLY UNREPORTED INCIDENTS OF HARASSMENT, THREATS, INTIMIDATION, AND AGGRESSIVE CONDUCT

I respectfully bring to the Court's attention additional incidents involving Defendant Kevin Harper that were not previously presented in my original Complaint or prior request for emergency injunctive relief, or that contain material factual details not previously provided.

The incidents described in this section are newly reported allegations or subsequent developments that the Court has not previously had an opportunity to consider in this level of detail.

I distinguish these allegations from the conduct already described in my earlier filings.

All incidents described in this section, including those occurring on November 17 and November 22, 2026, occurred after my previous application for emergency judicial intervention and have not previously been presented to the Court.

I respectfully request that the Court consider these additional allegations when evaluating my renewed application.

A. PREVIOUSLY UNREPORTED ATTEMPTED UNAUTHORIZED ENTRY INTO MY APARTMENT

Defendant has attempted to enter my apartment without my permission.

These attempted entries were not described in my earlier request for emergency protective relief.

I have never authorized Defendant to enter my residence.

Given Defendant's history of threats, sexually explicit statements, aggressive physical gestures, and repeated banging on my apartment door, I consider these attempts particularly threatening.

I fear that Defendant may attempt to gain access to my home to confront, intimidate, or physically harm me.

The attempted unauthorized entry has interfered with my ability to feel safe inside my apartment.

My home is the place where I should be able to seek refuge from the harassment occurring elsewhere in the building.

Instead, Defendant's conduct has caused me to fear that the harassment may extend inside my residence.

I respectfully submit that these previously unreported attempts support my request for an order expressly prohibiting Defendant from entering or attempting to enter my apartment without permission.

B. PREVIOUSLY UNREPORTED THREATS AND INTIMIDATION IN COMMON AREAS

Defendant has continued threatening and intimidating me in the building's hallways and other common areas.

These additional incidents were not individually described in my earlier application.

The hallway and shared areas are necessary for me to enter and leave my apartment.

Because Defendant resides in the same building, encounters in these locations are difficult to avoid.

His repeated threatening behavior has caused me to fear confrontations while entering the building, leaving my apartment, and passing through common areas.

I respectfully submit that this conduct should be considered in connection with Defendant's previously reported threats, discriminatory statements, and aggressive behavior.

I request that any protective order account for the shared residential building while prohibiting deliberate threats, intimidation, obstruction, and unwanted confrontations.

C. PREVIOUSLY UNREPORTED INCIDENTS OF FOLLOWING ME OUTSIDE THE BUILDING

Defendant has followed me outside the residential building.

These incidents were not included in my previous request for emergency intervention.

The conduct extends the reported harassment beyond our shared residence.

I have become concerned about encountering Defendant while walking outside, and traveling near my home.

I respectfully submit that these incidents demonstrate that the alleged harassment is not confined to the building and should be considered when evaluating the geographic scope of any appropriate protective order.

D. PREVIOUSLY UNREPORTED INCIDENT INVOLVING DEFENDANT SHOVING A FEMALE GUEST

I am also bringing to the Court's attention an incident involving Defendant and a frequent female guest that was not included in my earlier request.

During a disturbance, Defendant shove the woman out of his apartment and close the door.

The woman then began repeatedly kicking Defendant's apartment door.

Defendant eventually allowed her back inside.

Approximately one hour later, Defendant called the police to have her removed from the building.

I have also heard repeated loud banging and crashing during other disturbances involving Defendant and this female guest.

These noises sounded like bodies being slammed against floors or walls, although I could not see everything occurring inside Defendant's apartment.

I do not claim personal knowledge of events I could not observe.

I include these incidents because they have contributed to my concerns about aggressive confrontations and the safety of residents in the building.

Although the observed incident involving the female guest was not directed at me, it has increased my concern for my safety when considered alongside Defendant's threats and aggressive conduct toward me.

E. NEW INCIDENT OF NOVEMBER 17, 2026: THREATENING CONFRONTATION AT A TRAFFIC LIGHT

On November 17, 2026, I was inside a vehicle stopped at a traffic light when Defendant saw me and approached the vehicle.

Defendant grabbed his crotch and challenged me to exit the vehicle and fight him.

I perceived this conduct as threatening and intimidating, particularly in light of Defendant's previous sexually explicit statements, discriminatory remarks, and aggressive behavior.

I subsequently reported the incident to CAMBA.

This incident occurred after my previous request for emergency judicial intervention and is being presented to the Court for the first time.

I respectfully submit that the confrontation provides additional evidence that Defendant's reported conduct continues outside the residential building and includes direct challenges involving physical confrontation.

F. NEW INCIDENT OF NOVEMBER 22, 2026: HOMOPHOBIC SLUR AND EXPLICIT THREAT OF PHYSICAL VIOLENCE

On November 22, 2026, I was exiting a vehicle outside my Brooklyn residence.

Defendant was approaching from down the block.

As Defendant approached, he stopped and photographed my vehicle.

Defendant then directed a homophobic slur at me, calling me a "homo."

Immediately afterward, Defendant stated, "You lucky I don't punch you in the face."

I understood this statement as an explicit threat of physical violence.

The incident was particularly alarming because Defendant had confronted me near a vehicle on November 17 and challenged me to fight.

The November 22 threat was also accompanied by discriminatory language concerning my perceived sexual orientation.

I believe the connection between the discriminatory slur and the threat raises concerns that Defendant's conduct may be motivated, at least in part, by hostility toward my gender identity, gender expression, or perceived sexual orientation.

The incident caused me to fear that Defendant might physically attack me.

This incident occurred after my previous application and has not previously been presented to the Court.

I respectfully submit that the November 22 confrontation is a material new development supporting renewed consideration of emergency protective relief.

G. NEW INCIDENT OF NOVEMBER 22, 2026: INTENTIONAL NOISE HARASSMENT FOLLOWING THE THREAT

After the confrontation outside the building on November 22, Defendant entered the residential building.

Once inside, Defendant began blasting excessively loud music past midnight.

The disturbance occurred shortly after Defendant photographed a vehicle I was exiting, directed a homophobic slur at me, and threatened to punch me.

I called 911 to report the incident.

Responding NYPD officers took a report and attempted to speak with Defendant.

The officers rang Defendant's apartment doorbell, but the music was so loud that Defendant did not answer the door.

Defendant has previously admitted to NYPD officers, on body-worn camera footage, that he intentionally plays loud music to harass me.

I believe the timing of the November 22 disturbance, together with Defendant's reported admission, supports my concern that he continues to use excessive noise as a means of intentional harassment.

Although the history of noise harassment was previously reported, this particular November 22 incident is new and has not previously been presented to the Court.

H. ADDITIONAL PREVIOUSLY UNREPORTED NYPD COMPLAINT CLOSURES

I am also informing the Court that two noise complaints concerning Defendant were closed by the NYPD without officers visiting my residence or conducting an on-site investigation.

These incidents were not included in my previous application.

I have raised concerns about the handling of these complaints with the NYPD's 66th Precinct, including through contact involving on-duty Sergeant Mei.

I believe the repeated failure to adequately address my complaints raises concerns regarding the availability and adequacy of police protection.

The NYPD is not a defendant in this action against Mr. Harper.

I include this information to document my repeated efforts to obtain assistance and explain why I am requesting judicial protection against Defendant.

I. SIGNIFICANCE OF THE NEWLY REPORTED INCIDENTS

I respectfully emphasize that the incidents described in this section were not previously presented to the Court or contain additional material facts that were not included in my earlier submissions.

I am not merely repeating the allegations contained in my original Complaint.

I am presenting additional incidents involving attempted unauthorized entry, intimidation in common areas, following outside the building, an observed physical confrontation involving a female guest, and new threats directed at me.

The November 17 and November 22 incidents are particularly significant because they occurred after my earlier emergency application.

I respectfully submit that these additional allegations warrant renewed consideration of the need for protective relief under Federal Rule of Civil Procedure 65.

III. DEFENDANT'S REPORTED ADMISSION OF INTENTIONAL NOISE HARASSMENT

Defendant has previously admitted to NYPD officers, on camera, that he intentionally plays loud music to harass me.

For an extended period, my complaints regarding excessive noise have been treated as ordinary disputes between neighbors.

Defendant's reported admission provides evidence of his stated intention to deliberately create these disturbances.

The November 22 incident further supports my concern that the music is part of an ongoing pattern of intentional harassment rather than an isolated disagreement about residential noise.

I respectfully request that the Court consider the reported admission and subsequent conduct together when evaluating whether the noise disturbances constitute discriminatory harassment or interference with my housing rights.

IV. REPEATED COMPLAINTS HAVE NOT STOPPED DEFENDANT'S CONDUCT

I have made more than a dozen complaints to the NYPD concerning Defendant's conduct.

I have also repeatedly notified CAMBA, IHG Management, and Park Affordable LP.

Despite these reports, the harassment has continued.

I have informed the responding agencies that Defendant's conduct includes sexual harassment, threats, discriminatory statements, and physical intimidation.

I have also informed them that Defendant reportedly admitted intentionally using loud music to harass me.

Nevertheless, I continue to experience the conduct described in this application.

I have reported instances in which NYPD officers declined to prepare reports, failed to adequately consider the history of harassment, or closed complaints without conducting an on-site investigation.

Although the NYPD and other organizations are not defendants in this action, their responses are relevant to the efforts I have undertaken to obtain assistance and the continuing nature of the alleged harm.

I respectfully submit that the repeated complaints and continuing incidents demonstrate why I believe judicial intervention against Defendant is necessary.

V. LEGAL BASIS FOR RENEWED TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions.

The Fair Housing Act, including 42 U.S.C. § 3617, prohibits coercion, intimidation, threats, or interference with the exercise or enjoyment of rights protected under federal fair housing law.

My underlying Complaint alleges that Defendant's conduct includes sexual harassment, discriminatory intimidation, and interference with my housing rights.

I recognize that preliminary injunctive relief is an extraordinary remedy and that I must establish the applicable legal requirements.

I respectfully submit that the continuing conduct and additional incidents described in this renewed application warrant consideration under those requirements.

A. LIKELIHOOD OF SUCCESS ON THE MERITS

Defendant's alleged conduct is not limited to ordinary interpersonal disagreements.

The reported harassment includes sexually degrading statements, discriminatory slurs, threats of physical and sexual violence, aggressive behavior, attempted unauthorized entry, following, and deliberate disturbances interfering with my ability to safely occupy my home.

The November 22 incident involved a discriminatory slur immediately followed by an explicit threat of physical violence.

I contend that Defendant's conduct is connected to my protected characteristics and interferes with my exercise and enjoyment of housing rights protected by the Fair Housing Act.

I respectfully submit that the alleged pattern of statements and conduct supports my claim under 42 U.S.C. § 3617.

B. IRREPARABLE HARM

Defendant's threatening conduct has continued despite repeated complaints and my earlier request for emergency intervention.

The previously unreported attempted entry, following outside the building, November 17 confrontation, and November 22 threat have increased my concern for my personal safety.

On November 22, Defendant expressly threatened to punch me after directing a homophobic slur at me.

I am concerned that the continued confrontations may escalate into physical violence.

The harassment has also affected my sleep, emotional well-being, and ability to peacefully occupy my residence.

As a person with a disability, I have previously explained the adverse effects these incidents have had on my health and sense of safety.

Monetary damages awarded at the conclusion of litigation would not necessarily prevent future threats or physical confrontations.

I respectfully submit that the continued threats and potential for physical harm warrant immediate consideration of protective relief.

C. BALANCE OF HARDSHIPS

I seek the ability to occupy my residence, enter and leave the building, and travel without being subjected to threats, discriminatory intimidation, or harassment.

Defendant has no legitimate interest in engaging in unlawful discriminatory harassment or threatening conduct.

A narrowly tailored order prohibiting threats, attempted unauthorized entry, intentional harassment, and unwanted contact would protect my safety while permitting Defendant to continue using his own residence.

I recognize that Defendant resides in the same building and that any restrictions must account for unavoidable encounters in shared areas.

I request that the Court tailor any protective measures accordingly.

D. PUBLIC INTEREST

The public interest supports enforcement of federal fair housing protections and the prevention of unlawful discrimination, intimidation, and threats.

The requested relief would also promote the safe and peaceful use of residential housing.

I respectfully submit that an appropriately tailored injunction would serve these interests while preserving Defendant's lawful rights.

VI. REQUEST FOR IMMEDIATE PROTECTIVE RELIEF

I respectfully request that the Court issue a temporary restraining order if the applicable procedural and evidentiary requirements are satisfied, followed by a preliminary injunction after notice and an opportunity to be heard.

I request that the order:

1. Prohibit Defendant Kevin Harper from threatening, intimidating, sexually harassing, or engaging in discriminatory harassment against me.
2. Prohibit Defendant from making direct or indirect threats of physical or sexual violence toward me.
3. Prohibit Defendant from entering or attempting to enter my apartment without permission.
4. Prohibit Defendant from following, pursuing, confronting, or intentionally approaching me for the purpose of harassment or intimidation.

5. Prohibit Defendant from making unwanted direct or indirect contact with me, including through third parties, telephone calls, electronic communications, or social media.

6. Prohibit Defendant from intentionally directing amplified music, shouting, obscene statements, or other noise toward my apartment for the purpose of discriminatory harassment or intimidation, while preserving ordinary lawful residential activity.

7. Require Defendant to remain at least 100 feet away from me and the entrance to my apartment, except where unavoidable because of the shared residential building, provided that Defendant makes no threatening contact or deliberate approach.

8. Prohibit Defendant from retaliating against me for reporting harassment to the NYPD, CAMBA, building management, or the Court.

9. Prohibit Defendant from obstructing or interfering with my lawful entry to or exit from my apartment or the residential building.

10. Prohibit Defendant from approaching or confronting me while occupying a vehicle for the purpose of harassment, intimidation, or threats.

11. Prohibit Defendant from threatening me with physical violence while I am entering, or exiting a vehicle.

12. Schedule an expedited hearing to determine whether a preliminary injunction should issue during the pendency of this litigation.

I respectfully request that the Court tailor these protections as necessary to comply with Rule 65 and avoid unnecessary interference with Defendant's lawful use of his own residence.

VII. REQUEST FOR EXPEDITED HEARING AND PRESERVATION OF EVIDENCE

Given the continuing incidents and Defendant's November 17 and November 22, 2026 confrontations, I respectfully request that the Court schedule an emergency conference or expedited hearing.

I also request permission to submit additional supporting evidence, including:

1. NYPD complaint records and available body-worn camera footage.

2. Correspondence with CAMBA, IHG Management, and Park Affordable LP.

3. Documentation concerning the November 17, 2026 incident.

4. The November 22, 2026 police report and related 911 records.

5. Records concerning previous threats and aggressive confrontations.

6. Available evidence concerning Defendant's reported admission that he intentionally plays loud music to harass me.

7. Documentation concerning the two noise complaints closed without an on-site NYPD response.

8. Available building surveillance footage or other recordings concerning the reported incidents.

9. Any available evidence concerning the attempted unauthorized entry into my apartment, threats in common areas, and following outside the building.

I respectfully request that Defendant preserve relevant evidence within his possession, custody, or control, including communications, photographs, recordings, and other materials concerning the incidents described in this application.

I also request an opportunity to seek appropriate discovery of relevant records maintained by third parties, including the NYPD and building management.

I respectfully ask the Court to consider the cumulative pattern of conduct rather than treating each incident as an isolated occurrence.

VIII. REQUEST FOR RELIEF

For the foregoing reasons, I respectfully request that the Court:

1. ACCEPT this renewed emergency application and take notice of the additional incidents that were not previously presented to the Court.

2. GRANT expedited consideration of Plaintiff's request for temporary and preliminary injunctive relief.

3. ISSUE a temporary restraining order against Defendant Kevin Harper if the requirements of Rule 65 are satisfied.

4. SCHEDULE an expedited hearing to determine whether a preliminary injunction should issue.

5. ISSUE an appropriately tailored preliminary injunction prohibiting threats, discriminatory harassment, attempted unauthorized entry, unwanted confrontations, and intentional interference with Plaintiff's housing rights.

6. PROHIBIT Defendant from retaliating against Plaintiff for reporting harassment to law enforcement, housing-related organizations, building management, or the Court.

7. DIRECT Defendant to preserve relevant evidence within his possession, custody, or control.

8. PERMIT Plaintiff to submit additional supporting declarations, complaint records, correspondence, and available recordings concerning the newly reported incidents.

9. GRANT such other and further relief as the Court deems just and proper.

IX. CONCLUSION

I previously requested emergency judicial intervention because I feared for my safety.

Since that request, the reported harassment has continued, and additional incidents have occurred.

I respectfully emphasize that this renewed application contains factual allegations and developments that were not previously before the Court.

These include attempted unauthorized entry into my apartment, additional threats in common areas, following outside the building, an incident in which Defendant shoved a female guest out of his apartment, and confrontations involving a vehicle.

On November 17, 2026, Defendant approached a vehicle I was in and challenged me to fight.

On November 22, 2026, Defendant again approached me while I was exiting a vehicle, photographed the vehicle, called me a "homo," and threatened to punch me in the face.

He subsequently began blasting excessively loud music inside the building past midnight.

Although responding NYPD officers took a report and attempted to contact Defendant, the underlying harassment remains unresolved.

These incidents occurred against the background of repeated threats, discriminatory statements, aggressive behavior, and deliberate noise harassment.

I respectfully submit that the new incidents and the continuing nature of the alleged conduct warrant renewed judicial consideration of the need for immediate protective relief.

I fear that Defendant's threats may escalate into actual physical violence.

I should not have to experience physical injury before the continuing threats and intimidation receive appropriate judicial consideration.

I therefore respectfully request that the Court grant expedited consideration, schedule an emergency hearing, and issue appropriate temporary and preliminary injunctive relief to prevent further unlawful harassment and intimidation while this litigation proceeds.

I reserve all rights to seek additional relief as permitted by law.

Dated: November 23, 2026
Brooklyn, New York

Respectfully submitted,

Cc: Kevin Harper

926 47th Street, Apt. D7
Brooklyn, NY 11219

Nickie Kane Plaintiff, Pro Se